[605 NYS2d 886]

In the Matter of JOHN HUBER (Admitted as JOHN A. HUBER), a Suspended Attorney, Respondent. GRIEVANCE COMMITTEE FOR THE TENTH JUDICIAL DISTRICT, Petitioner.

Second Department, November 15, 1993

**APPEARANCES OF COUNSEL**

*Frank A. Finnerty, Jr.,* Syosset *(Muriel L. Gennosa* of counsel), for petitioner.

**OPINION OF THE COURT**

Per Curiam.

By decision and order of this Court, dated January 12, 1993,

the respondent was immediately suspended from the practice of law based upon his failure to cooperate with the lawful demands of the Grievance Committee with respect to its investigation into allegations of his professional misconduct. The respondent was directed to appear at the petitioner's offices within 30 days to give testimony and provide escrow records, the petitioner was authorized to institute and prosecute a disciplinary proceeding against the respondent, and the matter was referred to John F. Mulholland, Esq., as Special Referee to hear and report.

A notice of petition and petition containing 14 charges of professional misconduct was served upon the respondent by regular and certified mail at his last known address. In view of the petitioner's difficulty in attempting personal service, the petitioner sought and obtained authorization to serve this Court's order of suspension by substituted service. The petition was likewise served upon the respondent by certified and regular mail at his last known address. The respondent has failed to file an answer to the charges contained in the petition.

The petitioner now moves for an order imposing discipline based upon the respondent's default. The respondent was served with the notice of motion via certified and regular mail to his last known address. The respondent has failed to submit any papers in opposition to the motion.

The charges involve neglect, failure to cooperate, conversion, misappropriation of escrow funds, and failure to maintain a current registration.

The charges, if established, would require the imposition of a disciplinary sanction against the respondent. Inasmuch as the respondent has chosen not to appear or answer these proceedings, the charges must be deemed established. The petitioner's motion to adjudge the respondent to be in default and to impose discipline is, therefore, granted. Accordingly, the respondent is disbarred and his name is stricken from the roll of attorneys and counselors-at-law, effective immediately.

MANGANO, P. J., THOMPSON, BRACKEN, SULLIVAN and PIZZUTO, JJ., concur.

Ordered that the petitioner's motion to impose discipline upon the respondent based upon his failure to appear or answer is granted; and it is further,

Ordered that pursuant to Judiciary Law § 90, effective immediately, the respondent, John Huber, is disbarred and his

name is stricken from the roll of attorneys and counselors-at-law; and it is further,

Ordered that the respondent shall continue to comply with this Court's rules governing the conduct of disbarred, suspended, and resigned attorneys (22 NYCRR 691.10); and it is further,

Ordered that pursuant to Judiciary Law § 90, effective immediately, John Huber is commanded to continue to desist and refrain (1) from practicing law in any form, either as principal or as agent, clerk, or employee of another, (2) from appearing as an attorney or counselor-at-law before any court, Judge, Justice, board, commission, or other public authority, (3) from giving to another an opinion as to the law or its application or any advice in relation thereto, and (4) from holding himself out in any way as an attorney and counselor-at-law; and it is further,

Ordered that the petitioner is directed to serve upon the respondent a copy of this Court's opinion and order with notice of entry by regular and certified mail to the respondent's last known address.